Christopulos v Christopulos (2022 NY Slip Op 05983)

Christopulos v Christopulos

2022 NY Slip Op 05983

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2020-09406
 (Index No. 705015/14)

[*1]Gregory Christopulos, respondent, 
v
Katherine Christopulos, etc., et al., defendants, Nicholas Spyreas, appellant.

Nicholas Spyreas, Greenwich, Connecticut, appellant pro se.
The Dweck Law Firm, LLP, New York, NY (Jack S. Dweck and Christopher S. Fraser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting and to cancel a notice of mechanic's lien, the defendant Nicholas Spyreas appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated December 14, 2020. The order granted the plaintiff's motion for leave to reargue that branch of the plaintiff's prior motion which was to restore the action to the trial calendar, which, in effect, had been denied in an order of the same court dated May 20, 2020, and, upon reargument, in effect, vacated that portion of the order dated May 20, 2020, and thereupon, granted that branch of the plaintiff's prior motion.
ORDERED that the order dated December 14, 2020, is affirmed, with costs.
A motion for reargument is addressed to the sound discretion of the court which determined the original motion, and leave to reargue may be granted upon a showing that the court overlooked or misapprehended the facts or the law, or otherwise mistakenly arrived at the original decision (see LaSalle Bank N.A. v Lawrence, 186 AD3d 1507, 1508). Here, the Supreme Court properly granted the plaintiff leave to reargue, as it appears that the court, when determining that branch of the plaintiff's prior motion which was to restore the action to the trial calendar, overlooked a particular matter. Moreover, upon reargument, the court properly, in effect, vacated its prior determination denying that branch of the plaintiff's prior motion which was to restore the action to the trial calendar, and thereupon, granted that branch of the plaintiff's prior motion.
DILLON, J.P., CHAMBERS, MALTESE and VOUTSINAS, JJ., concur.
ENTER: 
Maria T. Fasulo
Clerk of the Court